## UNITED STATES v. HAMILTON.

### (Circuit Court, S. D. New York. October 15, 1907.)

ALIENS—OFFENSES—FALSE REPRESENTATION OF CITIZENSHIP—"DULY" ADMITTED DEFINED.

> In the provision of Rev. St. § 5428 [U. S. Comp. St. 1901, p. 3670], making it a criminal offense for any person to falsely represent himself to be a citizen of the United States for any fraudulent purpose "without having been duly admitted to citizenship," the word "duly" applies to regularity and compliance with requirements, rather than to the truth of the facts involved in the admission, and where the person charged was granted a certificate of citizenship by an order of court, both of which are regular in form and have not been vacated, it is impossible to charge "unlawful use" based solely upon a further allegation of knowledge that the certificate had not been "duly" made.

> [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2259-2260.]

On Demurrer to. Indictment.

Henry L. Stimson, U. S. Atty., and Francis W. Bird, Asst. U. S. Atty.

Frank A. Acer and Dennis F. O'Brien, for defendant.

CHATFIELD, District Judge. The demurrers will be overruled. As to count 2, the charge is that the defendant knowingly and unlawfully represented himself to be a citizen. of the United States without having been duly admitted. This charge is plainly not properly made upon the facts shown. While good in form, it is inconsistent with the situation shown by the other counts. The order of the court, the accompanying affidavits, and the certificate of citizenship were regular in form, and, until vacated and set aside, cannot be attacked collaterally, even on a criminal charge. The defendant is a citizen so far as his papers go, and these papers were "duly" obtained so far as their form is concerned. The provisions of section 5428, Rev. St. [U. S. Comp. St. 1901, p.3670], do not meet the situation shown in the count. The word "duly" applies to regularity and compliance with requirements, rather than to the truth of the facts set forth.

Count 2 should be dismissed, and as to counts 1 and 3 the defendant must plead; but may have a bill of particulars as to the illegal use.